IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Daniel R. Lloyd, Jr., | Case No.: 5:25-cv-04463-JD-KDW |
| Petitioner, | |
| vs. | **ORDER** |
| Warden M. Graham, | |
| Respondent. | |

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Kaymani D. West (DE 27), issued under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina. The Report concerns Respondent's Motion for Summary Judgment (DE 20) seeking to dismiss Petitioner Daniel R. Lloyd, Jr.'s ("Petitioner") petition under 28 U.S.C. § 2241, petitioning the Court for a writ of habeas corpus.[1] (DE 1.)

**A.    Background**

The Report accurately outlines the relevant facts and legal standards, which the Court incorporates herein by reference. A brief summary is provided for context.

Petitioner is a federal inmate currently in the custody of the Bureau of Prisons ("BOP"). On February 13, 2020, Petitioner was arrested by state authorities in Columbus, Georgia, on firearms-related charges. Although those charges were later

---

[1]    The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

dismissed, Petitioner remained in state custody due to a parole violation arising from an earlier state conviction. As a result of that parole revocation, Petitioner was returned to the custody of the Georgia Department of Corrections on March 3, 2020, to serve the remainder of his state sentence.

While Petitioner was in state custody, a federal indictment was returned against him in the United States District Court for the Middle District of Georgia, charging him with possession of a firearm by a convicted felon. Petitioner was temporarily transferred to federal custody pursuant to a writ of habeas corpus ad prosequendum on November 12, 2020. On June 15, 2021, the federal court sentenced Petitioner to a term of 115 months' imprisonment and ordered that the sentence run concurrently with any remaining portion of his state parole revocation sentence. Following sentencing, Petitioner was returned to state custody, and he later entered exclusive federal custody on September 8, 2021.

In calculating Petitioner's federal sentence, the BOP designated the state correctional facility nunc pro tunc as the place for service of the federal sentence, resulting in a federal sentence commencement date of June 15, 2021, the date the sentence was imposed. The BOP declined to award Petitioner prior custody credit for time spent in state custody before that date because that period had already been credited toward his state parole revocation sentence.

Petitioner filed the instant § 2241 petition challenging the BOP's sentence computation. He contends that his federal sentence should commence earlier and that he is entitled to additional credit for time spent in custody between February 13,

2020, and June 15, 2021. Respondent moved for summary judgment, arguing that the sentence was properly calculated and that additional credit is barred by statute because the disputed time was credited to Petitioner's state sentence.

**B.     Report and Recommendation**

On December 10, 2025, the Magistrate Judge issued a thorough Report and Recommendation recommending that Respondent's Motion for Summary Judgment be granted and that the petition be dismissed without prejudice. (DE 27.) After carefully reviewing the record and the parties' submissions, the Magistrate Judge concluded that the BOP properly calculated Petitioner's federal sentence in accordance with governing statutes and established precedent. Specifically, the Report determined that Petitioner's federal sentence could not commence prior to June 15, 2021, the date it was imposed, and that the BOP appropriately exercised its authority under 18 U.S.C. § 3621(b) by designating the state facility nunc pro tunc as the place of federal confinement, thereby giving effect to the sentencing court's concurrency directive. (*Id*. at 7.)

The Magistrate Judge further concluded that Petitioner was not entitled to additional prior custody credit for time spent in state custody before the commencement of his federal sentence because that period had already been credited toward his state parole revocation sentence. (*Id*. at 7–8.) Citing 18 U.S.C. § 3585(b) and controlling Supreme Court authority, the Report explained that awarding such credit would constitute impermissible double-counting. (*Id*. at 8.) Accordingly, the

Magistrate Judge found no error in the BOP's sentence computation and recommended dismissal of the § 2241 petition in its entirety.

### C. Legal Standard

To be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

### D. Absence of Objections

The Report advised the parties of their right to file specific written objections within the time provided by law. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). No objections have been filed, and the time for doing so has expired.

In the absence of objections, the Court is not required to conduct a *de novo* review and need only satisfy itself that there is no clear error on the face of the record. Upon review of the Report and the underlying record, the Court finds none.

### E. Conclusion

Accordingly, after reviewing the Report and Recommendation and the record in this matter for clear error, and finding none, the Court adopts the Report (DE 27) in its entirety and incorporates it herein by reference.

It is therefore ORDERED that Respondent's Motion for Summary Judgment (DE 20) is GRANTED and that the Petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 (DE 1) is DISMISSED WITHOUT PREJUDICE.

It is further ORDERED that a certificate of appealability is DENIED, as Petitioner has failed to make a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2).).

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
January 16, 2026

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order within sixty (60) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.